## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KRISTINA WILSON,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
DC-0752-24-0130-I-1

DATE:  June 23, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephanie J. Dering, Esquire, Renn Fowler, Esquire,
  and Christopher H. Bonk, Esquire, Silver Spring, Maryland,
  for the appellant.

Jeremiah P. Crowley, Esquire, and Dina Finkel, Esquire, Washington, D.C.,
  for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of jurisdiction based on the waiver provision of a Last Chance Agreement (LCA).  On petition for review, the appellant argues that she was denied due process when the administrative judge

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

recharacterized the agency's charges and specifications and that he erred in finding that she did not comply with the LCA. She also reargues that the agency breached the LCA and acted in bad faith by denying her due process. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant also asserts on review that the administrative judge abused his discretion when he denied her request for additional discovery ahead of the jurisdictional hearing. Petition for Review (PFR) File, Tab 2 at 9-13. An administrative judge has wide discretion over matters pertaining to discovery, and the Board will not reverse his rulings on discovery matters absent an abuse of discretion. *Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007); *see* 5 C.F.R. § 1201.41(b)(4). An appellant is entitled to request discovery of relevant materials to assist her in meeting the burden of establishing jurisdiction. *Parker*, 106 M.S.P.R. 329, ¶ 9. Here, the record shows that the appellant served initial discovery requests on the agency on December 12, 2023, within the time limits set by the administrative judge in his November 15, 2023 Acknowledgment Order and the Board's regulations.

5 C.F.R. § 1201.73(d)(1); Initial Appeal File (IAF), Tab 3 at 3, Tab 9 at 4. On December 21, 2023, the agency moved to suspend all litigation and discovery deadlines pending a jurisdictional finding and based on agency counsel's illness and the upcoming holidays. IAF, Tab 9. The administrative judge granted the agency's request to extend the deadline to respond to the appellant's initial discovery request but denied the request to suspend all other litigation deadlines. IAF, Tab 11 at 2.

During a January 4, 2024 status conference with the parties, the administrative judge acknowledged that the appellant wished to engage in discovery "to provide nonfrivolous allegations of fact and other evidence to support a jurisdictional hearing" and that she had narrowed the scope of her initial discovery requests during the conference to "documents the agency relied on to support the charges of breach." IAF, Tab 13 at 1-2. Accordingly, the administrative judge ordered the agency to produce the documents by January 19, 2024, and set deadlines thereafter for the parties to submit supplemental jurisdictional responses. *Id.* at 2. He also advised the appellant that she should file a motion to compel if the agency's production was insufficient. IAF, Tab 32 at 8. Significantly, he did not suspend case processing. IAF, Tab 13 at 2. The appellant did not file any exception or objection to this order or otherwise seek clarification, despite being given an opportunity to do so. *Id.*

On January 18, 2024, the agency produced the requested documents, which the appellant alleged in her January 26, 2024 supplemental jurisdictional response was "a redo of the agency file." IAF, Tab 14 at 4, Tab 26 at 30. To the extent the appellant believed the agency's production was evasive or incomplete, she needed to file a motion to compel with the administrative judge within 10 days of receiving the agency's production, i.e., January 28, 2024. 5 C.F.R. § 1201.73(d)(3)(i)(B). Similarly, to the extent the appellant believed she needed additional discovery, she needed to serve follow-up discovery requests by the same date. 5 C.F.R. § 1201.73(d)(2). Instead, the appellant did not file a motion

to compel at any point and did not raise the need for additional discovery until March 27, 2024, when she served her second set of discovery requests on the agency and requested a subpoena to depose the deciding official.[2]  IAF, Tab 21.  Thus, we see no error in the administrative judge's decision to deny the appellant's second set of discovery requests as they were untimely served on the agency.  IAF, Tab 27 at 4, 7.  Moreover, even though the appellant did not timely notice the deciding official's deposition, the administrative judge nevertheless granted the appellant's request to depose him.  *Id.* at 7.  Thus, the appellant has not shown that the administrative judge abused his discretion when he denied her request for additional discovery prior to dismissing the appeal.  *See Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 12 (2015) (declining to grant review based on an appellant's assertion that the agency did not respond to his interrogatories when the administrative judge advised the appellant of the Board's regulations regarding discovery and the appellant did not file a motion to compel below).  For the same reasons, we discern no abuse of discretion in the administrative judge's rulings denying the appellant's motions to disqualify himself and certify an interlocutory appeal, in which she also objects to the

---

[2]  According to the appellant, in February 2024 the parties "turned their focus on settlement."  PFR File, Tab 2 at 8-9; IAF, Tab 16.  In the Acknowledgment Order, the administrative judge informed the parties about alternative dispute resolution options including participation in the Board's Mediation Appeals Program, which requires that the parties submit an agreement to mediate form to the administrative judge and typically results in the suspension of case processing while the parties engage in the mediation process.  IAF, Tab 3 at 15.  However, there is no indication in the record below that the parties executed and submitted this form to the administrative judge or otherwise requested that he suspend case processing while the parties attempted to resolve the appeal via settlement.

administrative judge's rulings on the above discovery matter.[3] IAF, Tab 32 at 4-12, Tab 35 at 9-19; PFR File, Tab 2 at 5, 13.

On review, the appellant also alleges that the administrative judge demonstrated bias when he mischaracterized the agency's narrative response in its agency file as a motion to dismiss, accused the appellant of not responding to the motion, threatened to dismiss the appeal, denied her additional discovery requests, and denied her motions to disqualify himself and certify an interlocutory appeal. PFR File, Tab 2 at 6. There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). Nor is a party's disagreement with an administrative judge's evidentiary rulings sufficient to show bias. *Diggs v.*

---

[3] In the appellant's motion to certify an interlocutory appeal, she also argues that the administrative judge did not give her sufficient notice of what is required to establish an appealable jurisdictional issue. IAF, Tab 35 at 4-9. Generally, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). An administrative judge's failure to provide an appellant with proper *Burgess* notice may be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order or later show-cause orders, or if the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction, thus affording her the opportunity to meet her jurisdictional burden in the petition for review. *Parker*, 106 M.S.P.R. 329, ¶ 8. Here, both the agency's submission and the initial decision cured the deficient notice by setting forth the appellant's burden of proof to establish jurisdiction over an action taken pursuant to an LCA. IAF, Tab 4 at 10, Tab 46, Initial Decision at 6. In any event, any error by the administrative judge did not constitute the type of ruling that would meet the criteria for certifying an interlocutory appeal. 5 C.F.R. § 1201.92 (articulating the criteria for certifying an interlocutory appeal as "(a) [t]he ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and (b) [a]n immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public"); *see Cooper v. Department of the Navy*, 98 M.S.P.R. 683, ¶ 7 (2005) (dismissing an administrative judge's certification of an interlocutory appeal as "improvidently granted" when the ruling at issue involved the resolution of "ordinary concepts of relevance" and "neither a purely legal issue nor an issue which is reasonably likely to set . . . important precedent").

*Department of Housing and Urban Development*, 114 M.S.P.R. 464, ¶ 9 (2010). As explained above, the administrative judge gave the appellant ample opportunity to engage in discovery and to develop the record on the issue of jurisdiction. IAF, Tabs 13-19, Tab 27 at 7, Tab 39. Thus, we find that the appellant's arguments regarding the processing of her appeal and the administrative judge's rulings fail to overcome this presumption of honesty and integrity.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        *Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.